UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARC S. IROFF,

        Plaintiff,

-against-

IMEDEX, INC., an AmerisourceBergen Company,

        Defendant.

------------------------------------------------------------x

MEMORANDUM AND ORDER

07-CV-2064 (ENV) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 14 2008
P.M.
TIME A.M.

VITALIANO, D.J.

  *Pro se* plaintiff Mark S. Iroff brought an action on May 18, 2007 against his former employer, defendant Imedex, Inc., alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et. seq. ("ADA"). Specifically, Iroff claimed that Imedex unlawfully terminated his employment on the basis of a disability: allergic asthma. Following discovery limited to the issue of Iroff's disability, Imedex moved for summary judgment. On September 19, 2008, this Court found that Iroff did not establish that he is disabled within the meaning of the ADA and that no reasonable trier of fact could find that he established a *prima facie* case of discrimination. Iroff v. Imedex, Inc., No. 07-2064, slip op. at 12 (E.D.N.Y. Sept. 19, 2008). Therefore, it granted Imdex's motion and dismissed the action. Id.

  On October 2, 2008, this Court received a letter from Iroff expressing concern that his submissions of documentary evidence were not reviewed in rendering a decision in this case. In particular, he points to a footnote in the Opinion entered by this Court, stating that "Iroff did not submit any documentary evidence nor did he submit a Rule 56.1 statement of facts." Id. at 1 n.1. Since a court is obliged to construe a *pro se*'s pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest, McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted); see also Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006), the Court treats Iroff's letter as a motion for reconsideration.

  Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must "set forth

concisely the matters or controlling decisions which counsel believes the court has overlooked." "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked– matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Equal Employment Opportunity Comm'n v. Federal Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (holding that a motion for reconsideration "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court"). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. Whether or not to grant such a motion "is within the sound discretion of the district court." Federal Express Corp., 268 F. Supp. 2d at 195.

In his letter dated October 2, 2008, Iroff claims that this Court ignored his allegation that he was fired because he "may fall asleep in front of a client." More generally, Iroff alleges that this Court ignored his response in opposition to Imedex's motion for summary judgment due to a footnote in this Court's Opinion granting Imedex's motion to dismiss. Iroff v. Imedex, Inc., No. 07-2064, slip op. at 1 n.1 (E.D.N.Y. Sept. 19, 2008). However, Iroff's submission does not establish any matters this Court may have overlooked and which might reasonably be expected to alter the court's conclusion. Iroff's response to Imedex's summary judgment motion contains no new evidence to show that he was disabled within the meaning of the ADA. On the contrary, Iroff made and testified to the same allegations that were asserted in his response papers opposing Imedex's motion and that were discussed by this Court. Iroff v. Imedex, Inc., No. 07-2064, slip op. at 3-4, 9-11 (E.D.N.Y. Sept. 19, 2008) (discussing Iroff's testimony during deposition and finding, *inter alia*, that "Iroff has alleged only that individuals at Imedex were aware of his condition. He has provided no evidence to support the conclusion that

employer or supervisors believed he was "substantially limited in a major life function".). Iroff concedes, in his submissions, as he did in his testimony, that he was largely able to function normally, self-manage his asthma, and perform his work. Brief for Plaintiff at 4, Iroff v. Imedex, Inc., No. 07-2064, slip op. (E.D.N.Y. Sept. 19, 2008).

As this Court has previously stated, even though *pro se* plaintiffs are entitled to have their submissions construed liberally, they must abide by elementary requirements to withstand summary judgment. They must offer some hard evidence showing a factual basis to their version of the events. See Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). Non-moving parties "must do more than simply show that there is some metaphysical doubt as to the material facts", Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation." Fujitsu Ltd. v. Federal Express Corp., 247 F.3d. 423, 428 (2nd Cir. 2001).

Even taken in the light most favorable to Iroff, his opposition papers do not point to any facts this Court has overlooked but instead, reiterates his same general complaints about Imedex. In the absence of any new relevant facts or law, there is no basis for the Court to reconsider its prior decision. See Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Accordingly, the motion is denied. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 8, 2008

ERIC N. VITALIANO
United States District Judge